IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT OBERG<br>4423 Lincoln Avenue<br>Parma, Ohio, 44134<br><br>    On behalf of himself and all<br>    others similarly-situated<br><br>                          Plaintiff,<br>        v.<br><br>WEST PARK HD, INC.<br>c/o Statutory Agent, GT Network Inc.<br>143 Boardman-Canfield Road<br>Boardman, Ohio, 44512<br><br>                          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT AND THE OHIO MINIMUM**<br>**FAIR WAGES STANDARDS ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendant West Park HD, Inc. failed to pay Plaintiff Scott Oberg and other Delivery Drivers overtime. Accordingly, Defendant's conduct violated the Fair Labor Standards Act ("FLSA"), 29 USC 203(m)(2) & (t); 29 CFR 531.59. On behalf of himself and all other similarly situated employees, Oberg brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

## PARTIES

2. Oberg is an individual residing in Cuyahoga County, Ohio. Oberg performed work for Defendant within the last three years for which he did not receive proper overtime wages guaranteed by the FLSA. Oberg's signed consent to sue form will be filed within the next twenty-one (21) days.

3. West Park HD, Inc ("WPHD" or "Defendant") is a for-profit corporation organized under the laws of the State of Ohio, and whose principal place of business is believed to be located in North Olmsted, Ohio, as reported by the Ohio Secretary of State.[1]

4. The FLSA Collective Class Members are all current and former Delivery Drivers and/or employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid all minimum wages and overtime wages due.

## PERSONAL JURISDICTION

5. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

6. Oberg and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendant pursuant to work performed in this district and/or were hired out of this district.

7. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this District because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

---

[1] See Ohio SOS filings, attached hereto as Exhibit "A."

**COVERAGE**

10. At all times referenced herein, Defendant formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times material to the Complaint, Oberg and those similarly-situated directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently delivering FedEx packages from outside of Ohio to customers' homes and businesses located in Ohio.

**FACTS**

12. Defendant operates a local delivery service.

13. Defendant delivers packages on behalf of FedEx.

14. Defendant receive packages from FedEx and distributes those packages locally to their intended recipients via Delivery Drivers who operate vans and trucks maintained owned and maintained by Defendants and/or leased by Defendant.

15. Defendant only delivers FedEx packages locally.

16. Defendant does not deliver FedEx packages outside of Ohio.

17. Oberg was initially hired by Defendant as a Delivery Driver on or around September 1, 2018.

18. Oberg and other Delivery Drivers employed by Defendant reported to the FedEx distribution center located in Richfield, Ohio.

19. Upon information and belief, Defendant employed Delivery Drivers in Ohio who reported to other FedEx locations throughout Ohio.

20. Upon information and belief, Defendant employed Delivery Drivers in Ohio who reported to logistics and delivery warehouses for carriers other than just FedEx.

21. As a Delivery Driver, the primary job duties of Oberg and those similarly-situated consisted of loading the trucks they were assigned in the morning and delivering FedEx packages to end-users, before returning the trucks to the FedEx distribution center after completing their delivery routes.

22. At all times referenced herein, Oberg and those similarly-situated were non-exempt from the minimum wage and overtime requirements of the FLSA.

23. Oberg and those similarly-situated were required to report to work at 7:30am.

24. Upon arriving at work, Oberg and those similarly-situated would receive their routes and were responsible for loading trucks.

25. Oberg and those similarly-situated routinely worked eleven to twelve-hour days, not returning to the FedEx distribution center until 6:00pm or 7:00pm.

26. On occasion, Oberg and those similarly-situated would not complete their route until late in the evening, sometime not returning to the FedEx distribution center until 8:00pm or 9:00pm.

27. Oberg and those similarly-situated generally worked five or more days per week.

28. As a result of the above described hours worked by Oberg and those-similarly-situated, they routinely worked 55 to 60 hours a week, and sometimes more.

29. At all times referenced herein, Defendants did not record the hours worked by Oberg and those similarly-situated.

30. At all times referenced herein, Defendants had a practice of paying Delivery Drivers, such as Oberg, a fixed "salary."

31. Ober was paid a salary of approximately $650.00 per week.

32. The salary Oberg and those similarly-situated were paid was intended to compensate these employees for all work they performed up to 40 hours a week.

33. There was no written or verbal agreement between Oberg and those similarly-situated and Defendant that their salaries would compensate them for more than 40 hours.

34. Defendant failed and refused to pay Oberg and those similarly-situated overtime at a rate of one and one-half times their regular rate for any hours Oberg or those similarly-situated worked in excess of 40 hours per week.

35. Defendant's violation of the FLSA was willful and reckless; there is no law, legal authority, or opinion from the Department of Labor that would permit Defendant's conduct or which would lead a reasonable employer to believe such conduct was lawful and/or complied with the FLSA.

36. Defendant's violation of the FLSA was so blatant and egregious that Defendant could not have maintained a good faith belief that its conduct complied with the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Oberg incorporates by reference the allegations in the preceding paragraphs.

38. Oberg brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly-situated individuals who are part of the following class:

> All current and former Delivery Drivers or those employed in substantially similar positions and/or with similar job titles who worked for Defendant at

any time during the three-year period before the filing of this Complaint to present.

39. Collective Action treatment of Oberg's FLSA claim is appropriate because Oberg and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 12-37 *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant's enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Oberg restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

41. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

42. Oberg and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendant.

43. Oberg and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

44. At all times relevant to this Complaint, Defendant had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

45. Defendant either recklessly failed to investigate whether their failure to pay Oberg and those similarly-situated overtime violated the Federal Wage Laws of the United States; they intentionally misled Oberg and those similarly-situated to believe that Defendant was not

required to pay Oberg and those similarly-situated overtime; and/or Defendants concocted a scheme pursuant to which they deprived Oberg and those similarly-situated of the overtime pay they earned.

46. At all times relevant to this Complaint, the Defendant was, has been, and continues to be "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

47. Defendant has failed to make, keep, and preserve records with respect to Oberg and those similarly-situated, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

48. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Oberg and those similarly-situated are entitled to damages in the amount of their unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including their attorneys' fees and costs.

50. Defendant violated the FLSA without a good faith belief that its conduct was lawful.

51. Oberg requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scott Oberg respectfully request relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective he represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably

tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff SCOTT OBERG as the representative for the Collective;

c. Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined at trial;

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs; and

i. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorneys for Plaintiff Scott Oberg*

## JURY DEMAND

Plaintiff Scott Oberg demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Chris P. Wido*
>Chris P. Wido (0090441)
>**THE SPITZ LAW FIRM, LLC**